# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GLORIA DE YAPP,

      Plaintiff,

                                                      Civil No.10-cv-00724-WJ-WPL

v.

UNITED STATES OF AMERICA,
GILBERT ARCHULETA,
METES AND BOUNDS, INC., a
New Mexico revoked corporation,
BALBOA POSTAL PROPS, a foreign
entity, JOSE LEVI CASEY, GARY L. POELSTRA,
FRANK L. CONSTANCE, CLARK GENERAL PARTNERS,
JOHN AND JANE DOES, 1-10,
BLACK AND WHITE CORPORATIONS,

      Defendants,

## MEMORANDUM OPINION AND ORDER FINDING THAT THE COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1367
## and
## DENYING DEFENDANT POELSTRA, INDIVIDUALLY AND d/b/a BALBOA POSTAL PROPS' MOTION TO DISMISS PLAINTIFF'S CLAIMS BASED ON STATUTE OF LIMITATIONS

      THIS MATTER comes before the Court upon the following motions filed by Defendant Poelstra d/b/a Balboa Postal Props: (1) Motion to Dismiss **(Doc. 89)** filed on September 8, 2011; and (2) Supplemental Motion to Dismiss all Claims Based on the Statute of Limitations **(Doc. 116)** filed on November 7, 2011. Having considered the parties' briefs and the applicable law, I find that Defendant's motion is not well-taken and shall be denied.

## Background

      On February 8, 2008, Plaintiff was leaving the United States Post Office building in

Chama, New Mexico, when ice fell from the roof and hit her on the top of her head and shoulder. Plaintiff sustained a laceration on her head, neck injuries and bruising to her shoulders, requiring immediate medical intervention. Plaintiff asserts federal jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.

Defendant Poelstra's motion seeks dismissal of Plaintiff's claims in the Second Amended Complaint on the basis that the claims are barred by New Mexico's three-year statute of limitations. The Court ordered supplemental briefing on the issue, finding it inappropriate for the parties to be presenting arguments based on New Mexico's three-year personal injury statute of limitations when the FTCA contains its own limitations period. Doc. 109 ("Order to Show Cause"). The statute provides that the limitations period for a civil action brought against the United State is *either* two years after a claim accrues *or* six months after the notice of denial of the claim by the agency. *See In re Franklin Savings Corp*., 385 F.3d 1279, 1288 (10th Cir. 2004) (reference to state law is inappropriate where Congress has expressly stated the applicable limitation period for a tort claim brought against the United States in § 2401(b)). The Court's Order to Show Cause also required the parties to address the jurisdictional issue whether a sufficient basis exists to consider the non-United States Defendants proper parties to the action. The Court's analysis herein incorporates a consideration of the parties additional briefing on both issues. *See* Docs. 116, 117 & 123.

Plaintiff asserts negligence-based claims against various Defendants, including the United States. Defendant Balboa Postal Props, located in California, is comprised of general partners Gary Poelstra, Frank Constance and Clark General Partners, who were signatories to a lease with the United States Postal Services for the rental of real property in which the Chama Post Office is situated. Defendants Archuleta and Casey, and Defendant Metes and Bounds,

Inc., contracted with the United States for snow and ice removal on the post office building and premises.[1]  The substance of the Second Amended Complaint (Doc. 48) is that Defendants breached their duty to maintain a safe premises free from falling ice, and failed to use reasonable care in the snow and ice removal from the Chama Post Office in February 2008 when Plaintiff fell and injured herself.  Plaintiffs assert the following claims:

- Count I –  Premises Liability against all Defendants;

- Count II –  Negligent Contracting, Supervision, Hiring, Retention, Control and Direction against all Defendants;

- Count III – Negligence against Gilbert Archuleta and Metes and Bounds, Inc.;

- Count IV – Negligence Against Balboa Props.

**I.    Jurisdiction Over Parties and Claims**

The prerequisite for liability under the FTCA is a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Estate of Trentadue ex rel. Aguilar v. U.S.*, 397 F.3d 840 (10th Cir. 2005).  The United States is the only proper defendant in an FTCA action.  *Smith v. U.S.* 561 F.3d 1090, 1099 (10th Cir. 2009); *Denney v. U.S. Postal Serv.,* 916 F.Supp. 1081 (D.Kan. 1996) (United States Postal Service was not proper defendant in personal injury action brought pursuant to FTCA).  Naming the proper defendant is a jurisdictional prerequisite to asserting a claim under the FTCA.  *Denney*, 916 F.Supp. at 1083.

---

[1] Defendants Archuleta and Casey, and Defendant Metes and Bounds, are not movants to this motion.

3

Defendant Poelstra's motion seeks dismissal of Plaintiff's claims based on the applicable statute of limitations. However, I have the threshold obligation to determine whether subject matter jurisdiction exists, and turn to that issue first. *See Tafoya v. United States Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir.1984) ("Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings. . . ."). *Bd. of Cty. Comm'ners for Garfield Cty, Colo. v. W.H.I, Inc. et al.*, 992 F.2d 1061, 1063 (10th Cir. 1993) (Jurisdictional questions are of primary concern and can be raised at any time by courts on their own motion).

A.   <u>Whether Non-United States Defendants are "Employees" or "Independent Contractors"</u>

In addition to alleging a negligence claim against the United States under the FTCA, Plaintiff asserts negligence-based claims against various non-United States Defendants. Absent negligence on its part, the United States is not liable under the Federal Tort Claims Act for the torts of an independent contractor. 28 U.S.C. § 2671 (Supp.1982); *McKay v. U.S.*, 703 F.2d 464 (10th Cir. 1983) (citing *Logue v. United States*, 412 U.S. 521, 526-27 (1973)). The exception to this is where the United States supervises the contractor's day-to-day operations, in which case the United States may be liable for the contractor's actions. *Logue*, 412 U.S. at 529; *see Quilico v. Kaplan*, 749 F.2d 480 (7th Cir. 1984) (before defendants may be considered government employees, it must be demonstrated that the government is authorized to direct or control the detailed performance of the defendants' work).

The Second Amended Complaint alleges generally that while the various Defendants may have contracted with the United States, the United States retained sufficient control over day-to-day operations so as to held liable for the negligence of the other Defendants. In the

4

Order to Show Cause, the Court was clear about what information was necessary in order to bring the non-United States Defendants within this Court's jurisdiction in a FTCA claim:

> If such control and supervision exists, then this Court has jurisdiction over the FTCA claim—in which case the United States would be the only proper Defendant in this action.  If, on the other hand, the non-United States Defendants are truly independent contractors, then the United States cannot be sued for their actions, this action would not lie under the FTCA, and Plaintiff would be left to directly sue those Defendants.

Doc. 109 at 3.  The Court was looking for an answer from Plaintiff on the question of whether the non-United States Defendants should be considered federal employees for purposes of the FTCA, or independent contractors to which the FTCA does not apply.  However, nowhere in Plaintiff's two supplemental briefs is there any discussion of why the non-United States Defendants should be considered "employees" instead of independent contractors.   Plaintiff states that the non-United States Defendants are "contractors with the USPS" (Doc. 117 at 2), with no argument to the contrary.  Thus, there is no legal or factual reason for the Court to find that Plaintiff's claims should be allowed to proceed under the FTCA against the non-United States Defendants.  *See Coa v. Wilson*,  2007 WL 4234097, 3 (E.D.La. 2007) (remanding for lack of federal jurisdiction where defendant did not satisfy burden of showing that defendant was government employee and not independent contractor and thus failed to prove that jurisdiction exists).  In order for Plaintiff's claims to proceed against the non-United States Defendants, Plaintiff will have to sue them directly.

B.      Supplemental Jurisdiction

While Plaintiff's claims against the non-United States Defendants cannot go forward under the FTCA, the Court has jurisdiction to hear these claims by exercising supplemental jurisdiction under 28 U.S.C. § 1367.  In addition to contending that Plaintiff's claims against him

are barred by the statute of limitations, Defendant Poelstra also contends that "supplemental jurisdiction is not sufficiently pled based on diversity jurisdiction. . . ." Doc. 116 at 3. However, § 1367 does not require a plaintiff to prove jurisdiction based on diversity—or on any other independent basis.[2]

There was a time when a federal court did not have jurisdiction over state law claims that were related to the FTCA claim over which the court had original jurisdiction. In *Finley v. United States*, 490 U.S. 545 (1989), the United States Supreme Court held that in a suit filed against the federal government under the FTCA, the plaintiff could not bring additional claims against any other defendants when no independent basis of subject matter jurisdiction existed over the additional defendants. The law, however, changed with the passage of the Judicial Improvements Act of 1990. Pub.L. 101–650, § 310, 104 Stat. 5089, 5113–14 (1990) (codified at 28 U.S.C. § 1367). The language in § 1367 provides "the explicit authorization of pendent-party jurisdiction that in Finley the Supreme Court found to be absent." *Loeber v. Bay Tankers, Inc.*, 924 F.2d at 1345 n. 3. Congress explicitly rejected the Supreme Court's holding in *Finley* by codifying the concepts of ancillary and pendent jurisdiction, renaming them "supplemental jurisdiction." 28 U.S.C. § 1367.

Thus, Defendant is incorrect in insisting that Plaintiff needs to prove an independent

---

[2] *See Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1345 n. 3 (5th Cir.1991), *cert. denied*, 502 U.S. 819 (1991) (citations omitted) (a court may exercise subject matter jurisdiction over state claims when those claims are part of the same case or controversy that includes a federal claim even where no independent basis for federal jurisdiction exists); *State Nat. Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 & n.9 (5th Cir. 2004) (28 U.S.C. § 1367 grants supplemental jurisdiction over other claims that do not independently come within the jurisdiction of the district court but form part of the same Article III "case or controversy" ); *Karsner v. Lothian*, 532 F.3d 876, 884, 382 (C.A.D.C., 2008) (permitting intervention as of right despite lack of independent basis of subject matter jurisdiction).

jurisdictional basis for the state law claims asserted against the non-United States Defendants, including the movant here, Defendant Poelstra. Federal courts have been exercising supplemental jurisdiction over related state law claims in FTCA actions since the passage of §1367, and have noted that the statute has effectively supplanted *Finley*.[3] In this case, it is clear that the state law claims against the Defendant Poelstra are related to the FTCA claim. Therefore, Plaintiff has sufficiently invoked this Court's original jurisdiction over claims against the United States pursuant to the FTCA, and supplemental jurisdiction under § 1367 over the state law claims against the non-United States Defendants.

C.  Dismissal of Defendants Archuleta and Metes and Bounds, Inc.

Plaintiff's intention is to sue individuals who are allegedly responsible for overseeing the removal of the ice off the entryway roof, which caused Plaintiff's injury. She states that Defendants Archuleta and Metes and Bounds, Inc., were brought into the lawsuit prior to discovery, during which it became evident that the individuals largely responsible for allegedly failing to remove the ice which accumulated on the pitched roof of the Post Office were actual Postal Office employees. Defendant Archuleta only cleared ice and snow off the roadway and

---

[3] *See San Juan County, Utah v. U.S.*, 503 F.3d 1163, 1182 (10th Cir. 2007) (finding that Section 1367 overturned the rationale and result in *Finley*, and acknowledging that mere addition of party to lawsuit asserting FTCA claim against United States did not infringe sovereign immunity); *see U-Haul Intern. Inc. v. Estate of Albright*, 626 F.3d 498, 501 (9th Cir. 2010 (remanding to district court to decide whether to exercise supplemental jurisdiction over non-FTCA claims after finding that district court erred in finding that it lacked subject matter jurisdiction over FTCA claim); *Olivares v. U.S.*, 2011 WL 3489300, 2 (3rd Cir. 2011 ( although plaintiff's tort claims invoked state tort law and federal supplemental jurisdiction, they were properly interpreted as arising under the FTCA); *cmp. Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1167 (10th Cir. 2004) (dismissal of FTCA claim based on discretionary function exception stripped federal district court of subject matter jurisdiction to hear supplemental claims under § 1367 on basis that "discretionary function exception poses a jurisdictional prerequisite to suit, which the plaintiff must ultimately meet as part of his overall burden to establish subject matter jurisdiction").

parking lot, and was not responsible for clearing ice off of the sidewalk entryway roof. Similarly, Plaintiff found out that Defendant Metes and Bounds was responsible for cleaning and maintenance of the inside of the building, and had nothing to do with removal of the ice off of the entryway roof. For this reason, Plaintiff represents that she is prepared to dismiss both Defendants from this lawsuit.

Based on the foregoing, the Court finds that it has subject matter jurisdiction over the state law claims asserted against Defendant Poelstra and the other non-United States Defendants. Plaintiff has agreed to the dismissal of Defendant Archuleta and Defendant Metes and Bounds, Inc. The voluntary dismissal of these Defendants also warrants the dismissal of Count III, which is asserted against only Defendants Archuleta and Metes and Bounds.

## II.    Statute of Limitations

Having found that this Court has subject matter jurisdiction over Plaintiff's claims against Defendant Poelstra, the next question is whether Plaintiff's claims against this Defendant are barred by the statute of limitations. The parties' response to the Court's Order to Show Cause indicates that both concede that two-year statute of limitations applies to Plaintiff's claims against the United States based on the FTCA. Also, both parties agree that New Mexico's three-year statute of limitations for personal injury claims applies to Plaintiff's state law claim against Defendant Poelstra. *See* NMSA 1978 § 37-1-8. Defendant seeks dismissal on the grounds that Plaintiff did not file her Second Amended Complaint by February 8, 2011, when the three-year limitations period expired.

The chronology of pleadings related to Plaintiff's complaint and amended complaints are helpful here. Plaintiff filed her Complaint on August 2, 2010. Plaintiff sought to amend the complaint on December 27, 2010 (Doc. 21), and the request was granted on January 5, 2011

(Doc. 24).  The Amended Complaint was filed on January 11, 2011 (Doc. 29).  Neither the original Complaint nor the Amended Complaint named Defendant Poelstra as a party.  On February 4, 2011, Plaintiff sought leave of Court to Correct the Amended Complaint to Add Defendant Poelstra (Doc. 40).  The Court granted the motion on February 7, 2011 (Doc. 43) and Plaintiff filed the Second Amended Complaint adding Defendant Poelstra on February 10, 2011.

Plaintiff filed the motion for leave to amend the complaint prior to the expiration of the limitations period, but the motion was granted after the deadline passed.  Thus, the question here is when is an amended complaint deemed filed?  The Court agrees with Plaintiff that an amended complaint is deemed filed on the date the motion for leave to amend is filed.  My review of the case law supports this conclusion.  *See Wallace v. Sherwin Williams Co., Inc.*, 720 F.Supp. 158, 159 (D.Kan.,1988).[4]  There is no significance to the fact that the amended pleading adds a new party.  *See, Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000) ("When a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes.").

Defendant argues that an amended complaint is only deemed filed, for purposes of determining whether a statute of limitations has run, when the motion to amend notifies the defendant.  Defendant contends that because the motion to amend was not sent to him and

---

[4] *See Mayes v. AT & T Information Systems, Inc*.  867 F.2d 1172, 1173 (8th Cir. 1989); *Gloster v. Pennsylvania R.R*., 214 F.Supp. 207, 208 (W.D.Pa.1963) (amended complaint deemed filed within the limitations period where petition for leave to amend was filed prior to expiration of statute of limitations, although entry of court order and filing of amended complaint occurred after expiration of limitations period (citing cases from Third and Fifth Circuits); *Sheets v. Dziabis*, 738 F.Supp. 307, 313 (N.D.Ind.,1990) (concluding that statute of limitations was tolled upon filing of motion to amend with proposed amended complaint, even though order granting leave to amend and amended complaint's technical filing occurred after statute of limitation has run.

because he was not otherwise notified of the amended pleading until he was served, the amended complaint was not timely filed.  None of the cases on which Defendant relies supports this contention.  The cases cited by Defendants address a very different issue: whether an amended complaint that was filed *after* the limitations period had expired would relate back to the date the original complaint was filed.   Obviously, this is not the situation here, because Plaintiff filed the motion to amend to include Defendant as a party five days before the end of the limitations period.

Thus, Plaintiff's Second Amended Complaint, which asserts claims against Defendant Poelstra, is not barred by New Mexico's three-year statute of limitations.  While the matter of timeliness is more or less a technical one, and a requirement which Plaintiff has satisfied, I might add that Plaintiff was diligent in proceeding to add Mr. Poelstra as a Defendant.  Plaintiff moved to amend the Complaint to add Mr. Poelstra as a party about one week after becoming aware through discovery, that Mr. Poelstra was connected to this case by virtue of entering into a rental lease with the United States Postal Service.   Moreover, the Court finds no prejudice to Defendant in his addition as a party at this point in the litigation.  *See, e.g., In re Metropolitan Securities Litigation*, 532 F.Supp.2d 1260, 1282 (E.D.Wash.,2007) (". . . a plaintiff's delay in filing the amended pleading after the court has granted permission does not necessitate dismissal of the claims if the delay did not prejudice the defendant.").   Based on the foregoing, Defendant's motion to dismiss is DENIED.

## Conclusion

In sum, I find and conclude that this Court has subject matter jurisdiction over the state law claims asserted against Defendant Poelstra and the other non-United States Defendants, in exercising supplement jurisdiction under 28 U.S.C. § 1367.

I also find and conclude that Plaintiff's state law claims asserted against Defendant Poelstra were timely filed within the limitations period set forth in the applicable statute of limitations, which is New Mexico's three-year statute of limitations for personal injury claims, NMSA 1978 § 37-1-8.

Finally, based on Plaintiff's voluntarily dismissal of Defendant Archuleta and Defendant Metes and Bounds, Inc., Plaintiff's claims against these Defendants are DISMISSED WITH PREJUDICE.  Count III of the Second Amended Complaint alleges a negligence claim against these two individuals only.  Therefore, Count III of the Second Amended Complaint is also DISMISSED WITH PREJUDICE.

**THEREFORE,**

**IT IS ORDERED** that this Court has subject matter jurisdiction over the state law claims asserted against Defendant Poelstra and the other non-United States Defendants, exercising supplemental jurisdiction under 28 U.S.C. § 1367, for reasons described in this Memorandum Opinion and Order;[5]

**IT IS FURTHER ORDERED** that the Motion to Dismiss **(Doc. 89)** and Supplemental Motion to Dismiss all Claims Based on the Statute of Limitations **(Doc. 116)**, filed by Defendant Poelstra d/b/a Balboa Postal Props are hereby both DENIED for reasons described in this Memorandum Opinion and Order;

---

[5] The Court notes that supplemental jurisdiction under 28 U.S.C. § 1367 hangs entirely on the existence of this Court's jurisdiction over the FTCA claim.  Courts have no discretion to exercise supplemental jurisdiction over related state law claims where the a court's jurisdiction over the FTCA is found not to exist.  *See, e.g., Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1167 (10th Cir. 2004) (dismissal of FTCA claim based on discretionary function exception stripped federal district court of subject matter jurisdiction to hear supplemental claims under § 1367 on basis that "discretionary function exception poses a jurisdictional prerequisite to suit, which the plaintiff must ultimately meet as part of his overall burden to establish subject matter jurisdiction").

**IT IS FINALLY ORDERED** that Defendant Gilbert Archuleta and Defendant Metes and Bounds, Inc. are hereby DISMISSED from this action, based on Plaintiff's voluntarily dismissal of these Defendants. As a result, Count III of the Second Amended Complaint, which asserts negligence against these Defendants, is hereby DISMISSED.

_____
UNITED STATES DISTRICT JUDGE